UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EARL DEVILLE & DONNA DEVILLE**  **CIVIL ACTION**

**VERSUS**  **No. 09-7391**

**CONMACO/RECTOR, L.P., ET AL.**  **SECTION I**

### ORDER AND REASONS

Third-party defendant, Fireman's Fund Insurance Company ("FFIC") has filed a motion[1] for reconsideration of the Court's denial[2] of defendant's motion for summary judgment. Defendant and third-party plaintiffs, Conmaco/Rector, L.P. ("Conmaco") and Lexington Insurance Company ("Lexington") oppose the motion. For the following reasons, the motion for reconsideration is **DENIED**.

### LAW & ANALYSIS

**A. Standard of Law**

A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.), 303 F.3d 571, 581 (5th Cir. 2002).[3] It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment,

---

[1] R. Doc. No. 85

[2] R. Doc. No. 84.

[3] If the motion is filed within twenty-eight days of the judgment about which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. Shepherd v. Int'l Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004). Because plaintiff filed its motion less than twenty-eight days after the Court issued its order, the motion is considered as a Rule 59(e) motion.

Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D. La. 2000).

A district court has considerable discretion to grant or to deny a motion to alter or amend the judgment under Rule 59(e). See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). The court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. See id. "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." Jupiter v. BellSouth Telecommunications, Inc., 1999 WL 796218 (E.D. La, Oct. 5, 1999) (Vance, J.).

**B. Analysis**

FFIC suggests that in finding that Conmaco is an "Additional Insured" as defined in the FFIC policy providing Marine General Liability coverage to Great Southern ("the Policy"), the Court committed a manifest error of law. FFIC cites many cases in support of its contention that a contract, which contains only the requirement to name a third-party as an additional assured, cannot constitute an "Insured Contract" as that term is used in a comprehensive general liability policy.[4] See e.g., Ingalls Shipbuilding v. Fed. Ins. Co., 510 F.3d 214, 222 (5th Cir. 2005); Olympic, Inc. v. Providence Washington Insurance Company, 648 P.2d 1008, 1011 (Alaska

---

[4]R. Doc. No. 85-1, p.4.

1982).[5]  However, these cases do not address the entirety of the factual scenario presented to the Court.

FFIC points out that Equipment Lease No. 2684 ("Lease") between Great Southern and Conmaco contains a requirement for Great Southern to procure insurance coverage for "ALL RISKS OF PHYSICAL LOSS OR DAMAGE TO PROPERTY OR INJURY TO PERSONS WITH RESPECT TO THE LESSEE'S POSSESSION AND USE OF THE EQUIPMENT[.]"[6] But FFIC fails to address the Lease provision requiring Great Southern to assume any uninsured loss or casualty.[7]  In its Order and Reasons, this Court concluded that when the requirement to procure insurance coverage "is coupled with the additional provision in the Lease whereby Conmaco shifts all liability for any loss or casualty not covered by insurance to Great Southern, it is evident that the parties intended for Great Southern to assume the tort liability of Conmaco."[8] [9]

---

[5]The Court notes that the cases cited by FFIC deal with "contractual liability exclusions," which operate to deny coverage when the insured assumes responsibility for the conduct of a third party.  The Policy provision at issue here operates to extend coverage when the insured assumes responsibility for the conduct of a third party.  In addition, the applicability of such provisions is not automatic.  As the Fifth Circuit has noted, whether such contractual liability exclusions are applicable "is not without doubt given our and other courts' construction of it and similar exclusions[.]" Home Owners Mgmt. Enter., Inc. v. Mid-Continent Cas. Co., 294 Fed.Appx. 814, 820-21 (5th Cir. August 26, 2008).

[6]R. Doc. No. 51-5, p.5.

[7]Id. at p.2 ("Lessee is liable for any loss or casualty which is not insured, or which is within exclusions to insurance coverage.").

[8]R. Doc. No. 84, p.9.

[9]FFIC now contends that applicable jurisprudence limits the definition of "Insured Contracts" only to indemnification and hold harmless agreements.  Even if FFIC is correct, an agreement that clearly expresses the intention to shift liability can certainly be construed as holding a party harmless from the consequences of his or her own negligence.  Cf. Olympic, Inc., 648 P.2d at 1011 (lack of clear and unequivocal intention to shift liability prevented the court from construing the contract as holding a party harmless from the consequences of his or her

FFIC also argues that the absence of an express provision for indemnification prevents the Lease from being interpreted as such. In support of its argument, FFIC relies on Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982 (La. 1996). However, in Soverign, the court considered the contract as a whole and looked to the intent of the parties in concluding that the contract at issue had effectively shifted responsibility for strict liability claims against a company to the contractor despite the absence of an express provision of indemnity. Id. at 984-85. Similarly, when considering the Lease as a whole, this Court found that "the parties intended for Great Southern to assume the tort liability of Conmaco" despite the absence of an express provision of indemnity.[10]

For the foregoing reasons, the Court finds that FFIC has not made a showing of manifest error in law or fact. Accordingly,

**IT IS ORDERED** that the motion[11] for reconsideration is **DENIED**.

New Orleans, Louisiana, October 12, 2010.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

own negligence.). Therefore, the Lease qualifies as an "Insured Contract" as defined by the Policy.

[10] R. Doc. No. 84, p.9.

[11] R. Doc. No. 85.