UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARL DEVILLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-7391** |
| **CONMACO/RECTOR, L.P., ET AL.** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Reconsideration on behalf of Third-Party Defendant, Fireman's Fund Insurance Company (Doc. #208) is **DENIED.**

### BACKGROUND

In 2009, Great Southern Dredging, Inc., contracted with the State of Louisiana to repair and/or install certain docks, bulkheads, and other structures at the State's Turtle Cove Research Facility located near Manchac, Louisiana. In connection with the project, Great Southern chartered a number of vessels, including eleven barges. Great Southern also leased a "crawler crane" and certain hammers and pile driving equipment from Conmaco/Rector L.P. The crane was eventually driven onto the barges chartered by Great Southern and was used for pile driving activity.

On August 13, 2009, plaintiff, Earl Deville, who was employed by Great Southern as a longshoreman, was severely injured when a pneumatic pile driving hammer attached to a Conmaco crane fell and crushed his left arm. Earl Deville, and his wife Donna, filed this suit against Conmaco, Great Southern, and their insurers seeking damages for his injuries. Conmaco filed a third party complaint against Great Southern's insurer, Fireman's Fund Insurance Company, alleging

that it was an additional insured under the policy, and that the policy provided coverage for the August 13, 2009, accident.

On September 28, 2010, the court, ruling on Fireman's Fund's motion for summary judgment, held that Great Southern's lease with Conmaco for the crane was an "insured contract" as defined in the Fireman's Fund policy, and that Conmaco is an "Additional Insured" under the policy. The court also held that the watercraft exclusion in the Fireman's Fund policy is ambiguous. As a result, the court interpreted the policy in favor of coverage, finding that the watercraft exclusion does not apply to Conmaco because the exclusion uses the word "you" which is defined in the policy to mean the Named Insured, which is Great Southern.

The trial of this matter was scheduled to commence on March 28, 2011. The Deville's settled their claims with the defendants before trial for $1,500,000. On March 28, 2011, Lexington and Fireman's Fund argued their respective positions with respect to the ranking of the applicable insurance policies. They sought a determination of which policies are primary, which are excess, and how the settlement with plaintiffs is covered by each policy. The Fireman's Fund policy has $1,000,000, limits of liability, and the general liability policy issued to Conmaco by Lexington also has $1,000,000, limits of liability. The excess insurance policy issued to Great Southern by XL Specialty Insurance Company has $4,000,000, limits of liability.

The court interpreted the "other insurance" clauses of the Fireman's Fund policy, the Lexington general liability policy, and the XL policy. The court found that the Fireman's Fund policy was primary, and that Fireman's Fund was liable for the first $1,000,000 of the settlement. The court also found that the "other insurance" clauses in the Lexington general liability policy and the XL policy were mutually repugnant, and that those insurers were both liable for the remaining

$500,000 of the settlement, with XL liable for $400,000, and Lexington liable for $100,000. On April 21, 2011, Fireman's Fund filed a motion for reconsideration.

## ANALYSIS

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also Rule 59(e). Because plaintiffs filed the instant motion on April 21, 2011, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

Fireman's Fund argue that the court should have held that its policy was excess because it there was no contractual requirement that it be primary. Fireman's Fund argues that such a result is appropriate because in Jessop v. City of Alexandria, 871 So.2d 1140, 1146 (La. Ct. App. 2004),

3

the Louisiana Court of Appeal, Third Circuit held that an insurance policy was excess when its "other insurance" clause provided that:

> Any coverage provided hereunder will be excess over any other valid and collectible insurance available to the additional insured whether primary, excess, contingent or on any other basis **unless a contract specifically requires that this insurance be primary**.

(Emphasis added). The "other insurance" clause in the Fireman's Fund policy provides that the policy is primary:

(1) With respect to "your work", and

(2) When required by and only to the extent of such obligation under an "insured contract".

Fireman's Fund argues that this language is analogous to the language contained in the insurance policy at issue in Jessop, and that it should be interpreted so that the Fireman's Fund policy is not primary unless a contract specifically requires it to be.

The "other insurance" provision at issue in Jessop is distinguishable from the "other insurance" provision in the Fireman's Fund policy. The Fireman's Fund policy does not state that the insured contract must specifically require that the insurance be primary. It states that the contract must require insurance. The crane lease between Conmaco and Great Southern required insurance, the crane was "equipment furnished in connection with" Great Southern's work or operations, and Deville's claim arose out of that work. Therefore, the Fireman's Fund policy is primary according to the terms of the policy.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Reconsideration on behalf of Third-Party Defendant, Fireman's Fund Insurance Company (Doc. #208) is **DENIED.**

New Orleans, Louisiana, this 29th day of June, 2011.

                    MARY ANN VIAL LEMMON
                    UNITED STATES DISTRICT JUDGE